UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. DRISCOLL, II,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT LEAF,<br><br>    Defendant. | C.A. No. 1:23-cv-12835-DJC |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND SPECIAL MOTION TO DISMISS UNDER THE ANTI-SLAPP STATUTE**

Defendant, Robert Leaf, through counsel, asks that the complaint be dismissed in its entirety on the following basis:

1. Under Fed. R. Civ. P. 12(b)(6) plaintiff has failed to articulate a claim upon which relief can be granted in that prior actions and proceedings, detailed in the accompanying a Memorandum and Exhibits, preclude this action as the claims herein are based on the exact same transactions and occurrences that were already litigated and decided in Defendant's favor; and

2. The claims set forth in the Complaint are all claims that either were or should have been made as affirmative defenses or counterclaims in the previously litigated matter. Consequently, each and every claim made herein is barred by res judicata;

3. The claims set forth in the Complaint merely seek to relitigate matters that were already resolved in favor of the Defendant and are brought in bad faith and for an improper purpose as the Plaintiff has failed at the state level and knows his pending Appeals are meritless;

4. The claims fail independently for failing to state a claim;

5. Separately, the Plaintiff has brought this Complaint based solely on the Defendant's protected petitioning activity in violation of the Massachusetts anti-SLAPP statute M.G.L. c. 231 § 59H. As Defendant was successful in his petitioning activity by virtue of a jury award and judgment in his favor, Plaintiff cannot meet his burdens under the burden-shifting test and it is clear this was brought solely to chill Defendant's petitioning activity in violation of the statute. As such, the Defendant is entitled to dismissal also on these grounds.

6. Defendant should be awarded such other, further or difference relief that the Court deems just, proper, and equitable.

**WHEREFORE**, Defendant prays that the complaint be dismissed in its entirety, with prejudice and with costs, attorney's fees and sanctions being awarded to Defendant.

Respectfully Submitted,

Robert J. Leaf
By his attorney,

Dated: March 29, 2024

/s/ Matthew A. Ezepek, Esq.
Matthew A. Ezepek, Esq. BBO # 694535
matt@brentwarrenlaw.com
Brent Warren Law
130 Liberty Street, Suite 10
Brockton, MA 02301-7500
508.587.0533 Telephone
508.256.1078 Facsimile

**CERTIFICATE OF CONFERENCE**

Counsel hereby certifies that he complied with the provisions of Local Rule 7.1 prior to the filing of this Motion. The parties held a telephone conference on March 27, 2024 and further exchanged e-mail correspondence and were unable to narrow the issues.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March 2024, a true copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be mailed to those indicated as non-registered participants.

/s/ Matthew A. Ezepek