FILED
IN CLERKS OFFICE
2024 JUL 31  AM 11: 45
U.S. DISTRICT COURT
DISTRICT OF MASS.

U.S. District Court
For the District of Massachusetts

| James M Driscoll II (plaintiff) | Case No. 1:23-cv-12835 (DJC) |
| v. | Reply to Opposition to Motion for Intervention (Leave allowed 07/25/24) |
| Robert Leaf (defendant) | |

Leaf argues Claim Preclusion, although it is unclear how.[1] Leaf presents no evidence, despite having the burden of proof.[2] "[Rule 12] Dismissal based on an affirmative defense is appropriate only where there is 'no doubt' that the plaintiff's claim is barred by the raised defense."[3]

### 1. Michael is not Claim-Splitting.

Claim preclusion applies only when a "party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit."[4] "[F]or res judicata purposes, claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims *actually* asserted by supplemental pleadings or otherwise."[5] "A counterclaim acquired by defendant after he has answered will not be considered compulsory, even if it arises out of the same transaction as plaintiff's claim."[6] Parties can agree to splitting compulsory counterclaims.[7]

### A. *Michael's Claims are not Barred by Failure to Plead them as Counterclaims.*

All of Michael's arguments are supported by his affidavit (and Complaint). For readability, piecemeal citations will not be used. Michael's instant claims have unambiguously not "been litigated in the Nantucket Action." [J. Driscoll's] Joint. App. at 403-05. Leaf grossly misstates

---

[1] See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("Judges are not expected to be mindreaders. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace.").
[2] See SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 36 (1st Cir. 2008).
[3] Monsarrat v. Newman, 28 F.4th 314, 318 (1st Cir. 2022) (quotations/citations omitted).
[4] Kobrin v. Bd. of Registration in Med., 444 Mass. 837, 843 (2005) (quotations/citations omitted).
[5] Manning v. Auburn, 953 F.2d 1355, 1360 (11th Cir. 1992) (quotations/citations omitted).
[6] Giragosian v. Arlington Chief of Police, 78 Mass.App.Ct. 254, 259 (2010) (emphasis in original).
[7] Diversified Mortg. Investors v. Viking General Corp., 16 Mass. App. Ct. 142, 149 & n.6 (1983) (assent to claim-splitting by an agreement independent of the adjudication on the record—as here—accords even *greater* weight to the consent to split claims).

that Michael's claims concern "10 Driscoll Way."[8] Nonsense. Leaf argues Michael "was Dismissed from the Nantucket Action because his properties were no longer at issue." *Leaf's claims against Michael* were dismissed because, as he admitted, his claims lacked any basis in fact or law. MD Aff at 47; Joint. App. at 358-62. Prior to dismissal, Michael's Counterclaims were severed from Leaf's action, so Michael is not bound by Final Judgment.[9] MD Aff, Ex. 7.

The Rules require no "dogmatic insistence on amendment of an existing complaint in preference to dismissal and the bringing of a new complaint."[10] Virtually all facts in Michael's instant claims occurred *after* Michael filed counterclaims on June 21, 2021. "Because a plaintiff has no obligation to expand his or her suit in order to add a claim that he or she could not have asserted at the time the suit was commenced, several circuits have held that res judicata does not bar a second lawsuit to the extent that suit is based on acts occurring after the first suit was filed."[11] Malicious Prosecution claims accrue on the date of victory: 11/18/21.[12] Complaint, ¶39.

### B. *Michael's Claims are not Barred by the Plymouth Action.*

After full stipulation of dismissal, trial courts retain jurisdiction to award costs.[13] Thus, when Michael was denied the right to file in the Nantucket Action, he filed for costs under G.L. 231 §6F[14] in a new action in Plymouth Superior advancing only that theory—because the parties agreed Michael could continue litigating Leaf's claims against Michael. When Leaf asserted the

---

[8] When Leaf argued the Addendum does not involve Michael, the Appeals Court castigated him that "the contract surely implicates his property," admonishing Leaf's arguing that Michael lacks standing regarding the Addendum is "plainly wrong." See Case No. 22-P-363, Oral Arguments.

[9] See Kobrin, 444 Mass. at 843 (quotations/citations omitted); Marques v. Federal Reserve Bank of Chicago, 286 F.3d 1014, 1018 (7th Cir. 2002) ("A judgment on the merits that is entered after the plaintiff has filed a proper Rule 41(a)(1)(A) notice of dismissal is void.").

[10] St. Louis v. Baystate Medical Center, Inc., 30 Mass. App. Ct. 393, 401 (1991).

[11] Johnson v. Board of County Comm'rs, 1999 U.S. Dist. LEXIS 20801, *11 (Dist. Kan. 1999); accord Keen v. W. New England Coll., 23 Mass.App.Ct. 84, 85 (1986).

[12] See Billings v. Commerce Ins. Co., 458 Mass. 194, 198 (2010).

[13] See, generally, 8 Moore's Federal Practice - Civil § 41.33 (2024).

[14] This Massachusetts statute is purely procedural and cannot be deployed in federal court. Brandon Assocs., LLC v. Failsafe Air Safety Sys. Corp., 384 F. Supp. 2d 442, 445 (D. Mass 2005).

stipulation of dismissal—not the settlement agreement—prevented Michael from litigating about Leaf's claims against Michael, Michael amended to vacate the stipulation of dismissal for fraud on the court (Rule 60). As Leaf is aware, the Plymouth action seeks nothing but to vacate the joint stipulation of dismissal to then recover costs *of defending against Leaf's suit* under G.L. 231 §6F.[15] This action is the exact complement: *substantive* claims not filed in Nantucket and not covered by the stipulation. Under the *Rooker-Feldman* Doctrine, federal courts lack jurisdiction to explore fraud on the court occurring in state court.[16] The Plymouth action seeks a forum for post-trial motions of Leaf's claims against Michael.[17] The Plymouth Action was filed in October 2022 and amended in early January 2023, both before Leaf v. J. Driscoll's final judgement and before breach of the settlement agreement. The torts complained of continue to present and could not be filed—*per Leaf's demand*—until completion of the Nantucket Litigation, which is still pending appeal.

### 2. Leaf Consented to Claim-Splitting

> A judgment entered based upon the parties' stipulation, unlike a judgment imposed at the end of an adversarial proceeding, receives its legitimating force from the fact that the parties consented to it. A settlement can limit the scope of the preclusive effect of a dismissal with prejudice by its terms … parties can, in a separate agreement … reserve the right to litigate a claim that would otherwise be barred by claim preclusion … We look to the intent of the settling parties to determine the preclusive effect of a dismissal with prejudice entered in accordance with a settlement agreement, rather than to general principles of claim preclusion.[18]

Leaf's primary goal was to keep Michael out of the Nantucket Litigation, because Michael's counterclaims sought to invalidate the Offer to Purchase. Although Leaf sued Michael insisting

---

[15] Cf. Restat 2d Judgments §24 ("B owes A $ 500 on an obligation that matured on February 1. A visits B on June 1 and requests payment, whereupon B commits an unprovoked assault upon A. A sues B on the debt and recovers. A may maintain a second action against B based on the assault.").

[16] Day v. Devries, 2023 U.S. App. LEXIS 17021, *9 (10th Cir. 2023)

[17] *Compare* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) (Enforcement of the settlement agreement … is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

[18] Wojciechowski v. Kohlberg Ventures, LLC, 923 F.3d 685, 689-90 (9th Cir. 2019) (collecting cases) (citations/quotations omitted); see Restat (2d) of Judgments § 26(1)(a) (preclusion does not apply if "the parties have agreed in terms or in effect that the plaintiff may split his claim").

3

Michael had duties to Leaf under the contract, Leaf switched positions after Michael defeated Leaf's claim to begin asserting Michael was only a passive beneficiary, meaning Michael could enforce the Addendum, but it could not be enforced *against* Michael. Joint. App. at 372 ¶¶2-14. Michael reacted to Leaf's new position by dismissing his rescission claims on Leaf's express warranty he would perform the Addendum for Michael's passive benefit, as Leaf always insisted he was "contractual[ly] obligat[ed]" to do. Joint. App. at 20; 22; **66**; 128; 135-36. Since Leaf later fell back on a new position that the Addendum is not binding at all to win the Nantucket Litigation—only *after* Michael stipulated dismissal—Leaf now seeks to evade his obligations to Michael—obligations reiterated when Leaf warranted he would perform the Addendum if Michael dismissed his Counterclaims, expressly offering as consideration that Michael could file the instant claims and enforce the Addendum once Leaf v. J. Driscoll ended.[19] The very day after Leaf made this firm offer to Michael, Leaf represented to the court: "certain terms are still live"—exactly as he warranted to Michael (and J. Driscoll and Webster). Joint. App. at 208-210.

Leaf personally made this same offer, which his lawyer continually pestered Michael to accept for nearly a year before Michael finally capitulated and accepted. But for Leaf promising Michael he could bring the abuse of process, et al, claims later, Michael would not have stipulated to dismissal. Why else would Michael demand Leaf admit liability for malicious prosecution as an express precondition to dismissal? Why would Michael dismiss his stake in litigating the Addendum at all, if Leaf had not made binding warranties that he would perform its terms? Leaf's own theory is internally incoherent, insisting Michael dismissed his claims for no

---

[19] This is fraud discovered in Sep. 2023. See McEvoy Travel Bureau v. Norton Co, 408 Mass. 704, 705 (1990); Restat 2d Judgments §24 cmt. f ("Material operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a second action not precluded by the first."); Id., §26 (claim preclusion does not apply to failure to "pursue a claim as a result of the other party's fraud, misrepresentation or concealment of material information.").

reason whatsoever … while vigorously seeking every excuse to harass Leaf with litigation…

"[T]he general purpose of [Rule 41(a)] is to preserve the plaintiff's right to take a voluntary nonsuit and start over."[20] It was only in exchange for Leaf admitting liability on Michael's instant claims, and securing his right to bring them later, that Michael agreed to dismissal. "The decision to withdraw a complaint with prejudice and to pursue [liability on different grounds] instead is a legitimate litigation strategy."[21] That is why the stipulation—*mirroring the language of the settlement agreement*—reads "with prejudice <u>against refiling</u>"—and why it only applies to "Michael['s] Counterclaims" and not, as Leaf falsely asserts, "any claims [Michael] has against Leaf."[22] Nor does it reference any claims beyond "Michael's Counterclaims," i.e., <u>tortious interference and property theft</u>. The stipulation is "pursuant to Rule 41(a)," which Rule does not reach unfiled claims. Michael agreed, *for Leaf's benefit*, to delay filing the instant claims when Leaf offered settlement *in direct response* to Michael announcing intent to file the instant claims.

## Conclusion

A "court must be careful not to decide the questions on the merits for or against the plaintiff, and must therefore assume that on the merits the plaintiffs would be successful in their claims."[23] The terms of an oral agreement is a quintessential jury question.[24] Leaf's attempt to short-circuit Michael's right to jury trial by arguing—without proof—that that he did not consent to claim-splitting (or that it was only a scam) is painfully circular. "The liberal Rules of Civil Procedure must not be transformed by judicial interpretation into technical traps for the unwary."[25]

[signature page to follow]

---

[20] <u>McCall-Bey</u> v. <u>Franzen</u>, 777 F.2d 1178, 1184 (7th Cir. 1985) (Posner, J.).
[21] <u>Marquart</u> v. <u>Int'l Ass'n of Machinists & Aerospace Workers</u>, 26 F.3d 842, 852 (8th Cir. 1994).
[22] See <u>Everett</u> v. <u>BRP-Powertrain GmbH & Co. KG</u>, 282 F.Supp.3d 1063, 1067 (E.D. Wis. 2017) (stipulations of dismissal have no effect on claims not enumerated within the stipulation); <u>Kiltras v. Town of Aquinnah</u>, 474 Mass. 132, 143 (2016) (applying "*expressio unius*" to contracts).
[23] <u>City of Waukesha</u> v. <u>EPA</u>, 320 F.3d 228, 235 (D.C. Cir. 2003) (per curiam).
[24] <u>Rizzo</u> v. <u>Cunningham</u>, 303 Mass. 16, 20 (1939).
[25] <u>Witt</u> v. <u>Merrill</u>, 208 F.2d 285, 286 (4th Cir. 1953).

Respectfully Submitted July 30, 2024,

/s/ Michael Driscoll, *pro se*

Michael Driscoll
P.O. Box 2713 | Nantucket, MA 02584
774-271-1119 | mdriscoll6212@yahoo.com

## Certificate of Service

I hereby certify that, on July 30, 2024, I served a true copy of the foregoing document and "Affidavit of Michael Driscoll" on Leaf's Counsel via USPS First Class Mail and on J. Driscoll via email. J. Driscoll consented to service via email on July 29, 2024.

/s/ Michael Driscoll